IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RYAN DALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:12-cv-1000 |
| | ) | Judge Campbell/ Bryant |
| JEFF LONG, et al, | ) | |
| | ) | |
| Defendant. | ) | |

To: The Honorable Todd J. Campbell

### REPORT AND RECOMMENDATION

#### I. INTRODUCTION

Currently pending in this civil action is defendant Deputy Nick Herring's motion for summary judgment (Docket Entry No. 19) on plaintiff's claim against him in his individual capacity. This motion is supported by a memorandum (Docket Entry No. 21), a statement of undisputed facts (Docket Entry No. 20), affidavits (Docket Entries Nos. 20-1 through 20-5), an audio recording (manually filed), and a video recording[1] (manually filed). The plaintiff has made no response to this motion for summary judgment or the accompanying statement of undisputed facts. For the reasons set forth below, the Magistrate Judge recommends that defendant's motion be **GRANTED**.

Pursuant to local rule 7.01, plaintiff's "[f]ailure to file a timely response shall indicate that there is no opposition to the motion." Failure to respond also indicates "that the asserted facts are not disputed for purposes of summary judgment." LR56.01. However, the movant still bears the burden of showing there is no genuine issue of material fact. "[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to

---

[1] A compact disc purporting to contain video footage of the incident was manually filed by defendant, but no video file was present on the disc.

1

examine the movant's motion for summary judgment to ensure that he has discharged that burden." Carver v. Bunch, 946 F.2d 451, 455 (6th Cir. 1991). In view of the fact that plaintiff is proceeding pro se in this matter, the factual allegations of both parties are discussed below.

## II. BACKGROUND

Plaintiff filed his complaint on September 28, 2012 (Docket Entry No. 1). The only remaining claim before the Court is plaintiff's excessive force claim against defendant Deputy Nick Herring in his individual capacity. Defendant's summary judgment motion was filed on April 16, 2013 (Docket Entry No. 19).

Plaintiff alleges that on July 1, 2012 defendant tasered him while he was handcuffed "in a chair with belts." He has clarified that "the upper part of [his] body was strapped down" when the taser was deployed. (Docket Entry No. 14 at 1.) He appears to concede that some degree of force was necessarily used to restrain him, but that the application of the taser in particular was excessive. Id. Plaintiff is requesting relief under 42 U.S.C. §1983 because he believes that defendant, a police officer, violated his civil rights secured by the Fourth Amendment.

On July 1, 2012, the Franklin Police Department responded to a stabbing, at which time plaintiff approached the scene. (Martinez Aff. ¶s 3-4.) An officer asked plaintiff to step away from the scene, to which plaintiff responded that he did not have to leave. (Id. at 4-5.) When approached by the officers plaintiff backed away. (Id. at 6.) The belligerent behavior and slurred speech exhibited by plaintiff led officers to believe that he was either intoxicated or under the influence of an unknown substance. (Id. at 8.) Plaintiff was repeatedly asked to leave the property. (Id. at 9.) Plaintiff responded by yelling "F--- you!" at the officers. (Id.) Plaintiff left, but only to return shortly thereafter. (Id. at 10-11.) An officer approached and began handcuffing plaintiff, and plaintiff began cursing and trying to get away from the officers. (Id. at 12-13.) The officers struggled to get plaintiff in the squad car. (Id. at 14.) Plaintiff kicked an officer in the knee and head butted another officer. (Id. at ¶ 15.) Once in the car, plaintiff began kicking the rear driver side window. (Id. at 17.) When the officers arrived at the Williamson County

2

Criminal Justice Center (CJC), plaintiff kicked out the back window of the squad car. (Id. at 18; Herring Aff. at 5.)

Upon removal from the squad car, officers saw fit to secure plaintiff in a restraint chair, due to his violent behavior. (Herring Aff. ¶ 7.) Plaintiff resisted, leading a corporal to decide that the plaintiff could not be safely placed in the first restraint chair because the officers would need to remove his handcuffs. (Id. at 10.) Plaintiff was relocated to a second restraint chair, which he could be placed in with his handcuffs still on. (Id. at 11.) Six to ten deputies struggled to get him into the chair for four minutes. (Id. at 13.) Upon seeing this struggle, a corporal ordered Deputy Nick Herring to apply a taser to plaintiff. (Id. at 15.) Deputy Herring verbally warned plaintiff that he would apply the taser if plaintiff did not cooperate. (Id. at 16.) Plaintiff did not cooperate, leading Deputy Herring to apply the taser, which allowed the other officers to successfully restrain him. (Id. at 17.)

Plaintiff later discussed the application of the taser while on a telephone call at the CJC, as revealed in the audio recording submitted by defendant. Plaintiff stated, in reference to defendant, "He tased me and I, I tried to beat him up." (audio recording, file 7MOF10AP.v12, 01/22/2012, 19:39 at 7:30.) He was later asked if the taser knocked him out, to which he responded, "No, it didn't even faze me." (audio recording, file 7MOF10AP.v12, 01/22/2012, 19:39 at 13:54.)

### III. CONCLUSIONS OF LAW

#### A. Summary Judgment

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In determining whether the movant has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party, Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), drawing all justifiable inferences in his favor. In order to defeat the motion, the nonmoving party may not merely rest on conclusory allegations contained in the complaint, Anderson v. Liberty, Inc., 477 U.S. 242, 255 (1986), but must affirmatively demonstrate

3

"sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Id. at 249-50.

B. Plaintiff's Claim

Plaintiff claims that defendant has violated his civil rights by using excessive force in his application of the taser to plaintiff when plaintiff was in handcuffs, in a chair with straps, and surrounded by several officers.

1. Plaintiff's Excessive Force Claim

Excessive force claims are analyzed under the Fourth Amendment's protection against unreasonable seizures. Kostrzewa v. Troy, 247 F.3d 633, 639 (6th Cir. 2001)(citing Graham v. Connor, 490 U.S. 386, 394 (1989)). "Courts must ask whether the officer's actions, in light of the totality of the circumstances were objectively reasonable." Id. "In determining whether an officer's actions were reasonable, the specific facts of each case are key." Id. In particular, courts should examine "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." Id. The court must consider the totality of the circumstances in determining the reasonableness of a seizure, but it must view such facts "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. During the course of an arrest or investigatory stop an officer has the "right to use some degree of physical coercion or threat thereof to effect it." Id. As to decisions regarding the use of force, "not every push or shove, even if it may later seem unnecessary in the peace of the judge's chambers, violates the Fourth Amendment." Id.

In the instant case, plaintiff has alleged that the defendant officer applied a taser to him when he was already restrained by handcuffs, a chair with belts, and several officers. The material facts necessary to determine whether defendant Deputy Herring's actions violated plaintiff's constitutional rights are whether plaintiff was actively resisting arrest/restraint in such a way that would have led a reasonable

4

officer at the scene at the time of the incident to believe those actions to be necessary, and whether plaintiff was secured in the restraint chair during the application of the taser.

The affidavits of the officers all concur that plaintiff was being uncooperative and volatile from the time the arrest began at the scene of the stabbing until the point at which plaintiff was successfully secured in the second restraint chair after being tased. Plaintiff's volatility is evidenced by the fact that while in handcuffs he kicked out the back window of the squad car. The affidavits of the officers all attest that plaintiff continued to be extremely uncooperative while they attempted to restrain him at the CJC. This is corroborated by the description of the incident given by plaintiff in his subsequent phone call, where he stated that Deputy Herring "… tased me and I, I tried to beat him up." Plaintiff also stated that he was not fazed by the taser. Plaintiff's statements seem to suggest that he was in fact still attempting to resist being secured even after having been tased.

Furthermore, the officers' affidavits all attest to the fact that Deputy Herring solicited plaintiff's cooperation and warned plaintiff of the consequences of failing to cooperate prior to his single application of the taser to plaintiff. Plaintiff did not contest the fact that he was acting in a volatile and uncooperative manner, nor did he contest the fact that he was warned of the consequences of failing to cooperate. Plaintiff also provides no evidence supporting his claim that he was strapped into the restraint chair at the time Deputy Herring applied the taser. As a result, there is no genuine issue of material fact that exists, and plaintiff has failed to adduce evidence upon which a reasonable jury could return a verdict in his favor.

Viewing all of the evidence in a light most favorable to plaintiff and drawing all reasonable inferences in his favor, the undersigned concludes that defendant's actions were objectively reasonable under the Fourth Amendment. In particular, because the uncooperative and volatile nature of plaintiff is not being contested, and no evidence has been proffered by plaintiff supporting his being tased while strapped in the restraint chair, Deputy Herring's actions appear to be objectively reasonable given the circumstances established by this record.

## IV. RECOMMENDATION

In light of the foregoing, the Magistrate Judge recommends that defendant's motion be **GRANTED**.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Millon, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this 16th day of September, 2013.

 s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE